NATIONAL PARK BANK of New York, Plaintiff, *v.* THE ELDRED BANK, Defendant.

90 255|
154a 769|

*Bills and notes — a raised draft — when a collecting bank represents itself as owner — its liability to repay — diligence in notifying the drawee of an alteration.*

In an action brought to recover money paid upon a raised draft it appeared that on the seventh of July a person calling himself Frank Saxton purchased from the First National Bank of Wallingford, Conn., a draft drawn upon the plaintiff bank for the sum of eight dollars, and on the fifteenth day of July a person representing himself to be Frank Saxton presented the draft to the defend-

ant and requested its collection, the draft having been· previously changed from $8 to $1,800. The defendant undertook the collection and indorsed the draft as follows: "Pay S. G. Nelson, cashier, or order, for collection, for account of the Eldred Bank, Eldred, Pa. P. O. Heasley, cashier." The draft was forwarded to the Seaboard Bank, of which S. G. Nelson was cashier, reaching there on the sixteenth, and on the seventeenth it was presented by that bank to the plaintiff, and was paid on the eighteenth.

The defendant was informed by the Seaboard Bank that the plaintiff had paid the sum of $1,800 on the draft, and on the twenty-fifth the defendant paid this sum to Frank Saxton. About three weeks later the plaintiff learned from the drawer that the draft had been altered, and immediately notified the Seaboard Bank and the defendant, and demanded repayment.

*Held,* that when the defendant directed the collection of the draft for its account it assumed the character of principal, so far as the plaintiff was concerned; that as the plaintiff had made payment of the draft to the defendant as to the owner thereof, and as it had not been guilty of any negligence, it could recover the money from the party to whom it was paid.

MOTION by the defendant, The Eldred Bank, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit on the 29th day of November, 1893.

*Robert D. Murray,* for the plaintiff.

*Herman Aaron,* for the defendant.

VAN BRUNT, P. J.:

Upon the trial of this action the counsel agreed upon the following facts:

On the 7th of July, 1885, a person, calling himself Frank Saxton, purchased from the First National Bank of Wallingford, Conn., a draft, whereby said First National Bank of Wallingford requested the plaintiff to pay to the order of Saxton the sum of eight dollars. The defendant is a banking corporation located and carrying on business in the town of Eldred, in the State of Pennsylvania. On the 15th of July, 1885, a man, who represented himself to be Frank Saxton, came to the defendant's bank and presented the draft above mentioned with the request that the defendant collect the same for him. When the draft was thus presented to the defendant it had been fraudulently altered or raised by changing the amount, both as to words and figures, from $8 to $1,800. In all other respects the

draft was unchanged, and was in the same form as originally drawn. The defendant received the draft for collection and gave said Saxton a receipt for the same. Saxton then indorsed the draft in blank, and on the same day the defendant indorsed the said draft as follows:

"Pay S. G. Nelson, cashier, or order, for collection; for account of the Eldred Bank, Eldred, Pa.      P. O. HEASLEY,
                                     "*Cashier.*"

S. G. Nelson was the cashier of the Seaboard Bank. The draft was then forwarded to the Seaboard Bank, which it reached on July sixteenth. On the following day it was presented by the Seaboard Bank to the plaintiff for payment and was paid. On the 18th of July, 1885, the defendant was informed by the Seaboard Bank that the plaintiff had paid the sum of $1,800 on said draft, and on the 25th of July, 1885, the defendant paid the sum of $1,800 to Frank Saxton, so called, after deducting a small fee for collection. On the 15th of August, 1885, the plaintiff learned for the first time from the First National Bank of Wallingford that the draft had been altered as to the amount from $8 to $1,800, and on the same day, and immediately upon receiving said information the plaintiff notified the Seaboard Bank and the defendant of the fact, and demanded the repayment of the difference between $1,800 and $8, the genuine amount of said draft, together with interest. This request was refused and this action was brought to recover said amount.

It is to be observed that the plaintiff brought an action against the Seaboard Bank to recover the amount paid upon the same draft which is now sued upon, and was defeated in that action because the Seaboard Bank was merely the agent of the Eldred Bank for the purposes of collection, and it paid over the proceeds to its principal, such agency appearing upon the paper itself. In the case at bar, however, the draft in question was indorsed absolutely to the Eldred Bank and it directed its collection for its account, thereby assuming the place of principal as far as the plaintiff was concerned. If it was acting as collecting agent only, as it now claims, such agency was not disclosed to the plaintiff at the time of the transaction, and it had the right to rely upon the responsibility of the defendant as owner of the draft in paying the same.

Such being the relation of the parties, the distinction between the case at bar and that of the present plaintiff against the Seaboard Bank seems to be apparent.    In the case of the Seaboard Bank, as has already been observed, the agency was disclosed.    In the case of the defendant it was not.    In the presentation of the draft for collection the defendant represented itself to ·be the owner of the draft and the payment was made by the plaintiff under those circumstances.    It does not seem to need the citation of authorities to show that where money is paid upon a raised draft without any negligence upon the part of the person paying the same, it can be recovered from the party to whom it was paid.

The exceptions should be overruled and judgment ordered upon the verdict, with costs of the court below and of this application.

PARKER and O'BRIEN, JJ., concurred.

Exceptions overruled, judgment ordered on verdict, with costs of court below and of this application.